848 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward WALKER, Defendant-Appellant.
 No. 87-5119.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 7, 1988.
Decided: May 20, 1988.
 
 E.D.Va.
 AFFIRMED.
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-87-102-A).
 Michael Mitry Hadeed, Jr., for appellant.
 John Thomas Martin, Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief), for Appellee.
 Before WILKINSON and WILKINS, Circuit Judges, and JOHN A. MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Edward Walker appeals his convictions for possessing with intent to distribute pentazocine and possessing with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 I.
 
 2
 Edward Walker is an inmate at the Lorton Reformatory. At Walker's trial on the drug charges, correctional officer R.L. Richardson testified that while investigating a possible infraction of Reformatory rules, he saw Walker toss a small packet to another inmate, Robert Foster. The packet was recovered and found to contain nine or ten small packages containing tablets of pentazocine and tripelennamine, eight small packages of cocaine totaling 371 milligrams, and a twenty dollar bill.
 
 
 3
 Lieutenant Roy Grillo of the District of Columbia Department of Corrections testified as an expert on drug practices at Lorton. Grillo testified that the packaging of the drugs involved here was consistent with distribution of the drugs to other inmates at Lorton, and not consistent with personal use. He further testified that inmates are not allowed to possess currency at Lorton. He concluded that the presence of several packages of narcotics together with a twenty dollar bill in the same packet was indicative of drug distribution.
 
 
 4
 The defendant produced testimony from inmates Robert Foster and Gregory Williams that it was Williams, not Walker, who threw the packet to Foster. Walker testified that he had not seen the drugs thrown to Foster, and that he had not possessed the drugs. At the conclusion of the trial, the jury convicted Walker of possessing with intent to distribute pentazocine and possessing with intent to distribute cocaine.
 
 II.
 
 5
 Walker first contends that the district court erred in sustaining a government objection during the course of his cross examination of officer Richardson. Walker examined Richardson concerning an FBI "Form 302" report prepared after the incident at Lorton. The Form 302 reported a pretrial statement by Richardson that appeared to conflict with his trial testimony concerning his location at the time the packet of narcotics was thrown. When Walker's attorney asked about the "statement that you made" to the FBI agent, the government objected that Richardson had not affirmed the statement on his own. The district court sustained the objection. On further questioning, Richardson stated twice that he did not remember making the statement in question, but remembered only having stated that he observed Walker throw the packet.
 
 
 6
 Walker appears to argue that by sustaining the government's objection the district court violated Walker's right under the Jencks Act, 18 U.S.C. Sec. 3500, to use pretrial statements in cross-examining a government witness. Walker contends that the district court did not "permit him to use" the Form 302 statement, and thus prejudiced his right to a fair trial. These contentions are meritless. First, because Walker obviously had access to the Form 302, it is difficult to see how he could have been deprived of any right afforded by the Jencks Act, which requires production of pretrial statements of government witnesses in certain circumstances. Further, Walker made full use of the statement in cross-examination. Walker's attorney pressed Richardson three separate times about the apparent discrepancy between the Form 302 and his trial testimony. The cross-examination simply was not restricted in any improper manner. The district court merely sustained an objection on the ground that the Form 302 was not Richardson's "statement" until he affirmed it as his own. This ruling was correct. See United States v. Peterson, 524 F.2d 167, 174-75 (4th Cir.1975).
 
 III.
 
 7
 Walker also challenges the district court's denial of his motion for judgment of acquittal. The question here is "whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt." E.g., United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 8
 The testimony at trial provided substantial evidence on which a reasonable trier of fact could have found Walker guilty beyond a reasonable doubt. Richardson's eyewitness testimony provides ample basis for establishing Walker's possession of the drugs. Grillo's testimony concerning drug practices at Lorton similarly supported a finding of intent to distribute. The amount of drugs and packaging that are sufficient to show intent to distribute in the prison setting may be very different from those applicable in another context. Viewing the facts here in the setting within which they occurred, the jury's verdict was amply supported.
 
 
 9
 AFFIRMED.